## No. 14,763.

### Denny *v.* The People.
(104 P. [2d] 610)

Decided July 1, 1940. Rehearing denied July 24, 1940.

Mr. Clement F. Crowley, for plaintiff in error.

Mr. Byron G. Rogers, Attorney General, Mr. Gerald E. McAuliffe, Assistant, for the people.

*En Banc.*

Mr. Justice Bakke delivered the opinion of the court.

Defendant Denny was convicted of larceny from the person, and is here seeking a reversal of the judgment. ▪ In the view we take, it is necessary to consider but one of the questions presented by the assignments of error, namely: Did the trial court, under the circumstances here, err in giving its instruction relating to a sealed verdict after the court had adjourned for the day,

and specifying that the verdict should be returned one week later?

That portion of the statute authorizing the receiving of sealed verdicts is as follows: "Provided, however, that in every case of felony, except where the punishment may be death or life imprisonment, and in every case of misdemeanor, the court, upon stipulation consenting thereto, signed by the district attorney and by the defendant or his attorney, may direct the jury to the effect that should they agree upon a verdict during the recess or adjournment of court for the day, to seal their verdict, to be retained by their foreman and delivered by the jury to the court at the opening of court, and that thereupon they may separate, to meet in the jury box at the opening of court; and such verdict may be received by the court as the lawful verdict of the jury." S.L. '21, p. 241, §1 (amending R.S. '08, §1989), C.L. §7106, '35 C.S.A., c. 48, §493.

Pursuant to this provision the parties stipulated as follows:

"Under and by virtue of the statute in such cases made and provided, it is stipulated and agreed that in the above entitled case the court may direct the jury to the effect that should they agree upon a verdict during the recess or adjournment of court for the day, the jury shall seal their verdict, such verdict so sealed to be retained by their foreman and delivered by the jury to the court at the opening of court, and that thereupon they may separate, to meet in the jury box at the opening of court; and it is further stipulated and agreed that such verdict may be received by the court as the lawful verdict of the jury."

Thereafter, in the absence of defendant and his counsel, and without their knowledge of the inclusion of the last sentence thereof, the court gave to the jury the following instruction:

"You are instructed that should you agree upon a verdict during the recess or adjournment of court for the

day, your verdict shall be reduced to writing, and your foreman shall sign it, enclose it in an envelope, seal the envelope and retain it, so sealed, to be delivered by the jury to the court at the opening of court. And thereupon you may separate, to meet in the jury box at the opening of court. You will not divulge the result of your deliberations until your verdict is read in open court. Opening of court for this case will be January 30, 1940, at 10 A.M."

Did the court err, in the circumstances presented, in instructing the jury that, "Opening of court for this case will be January 30, 1940, at 10 A.M.," which was one week later than the verdict ordinarily would have been returned? The trial was concluded and the jury retired on Tuesday, January 23. Nothing in the record indicates why the verdict should not have been returned at the opening of court on the next judicial day, as the statute contemplates.

We think the judge's action was improper, and not in compliance with the statute. There may be circumstances where a postponement of the return of a sealed verdict would be justified but such postponement should not be attempted in the absence of defendant or his counsel, or without their consent, as was the case here.

Possibly the rights of the defendant were not prejudiced by the court's action in this respect in the instant case, but when we consider the possible consequences which might result from the adoption of a practice here attempted, we feel we should express our disapproval at this, our first opportunity. The language of the statute is clear and unambiguous, there is no occasion for judicial construction, and its provisions should be strictly followed.

The judgment is reversed, and the cause remanded for further proceedings according to law.